REESE v. RUSSELL et al.

No. 31978. Dec. 4, 1945.

Rehearing Denied Jan. 15, 1946.

*164 P. 2d 978.*

A. E. White, of Poteau, for plaintiff in error.

A. G. Windham and George Windham, both of Poteau, for defendants in error.

PER CURIAM. This is an action brought by Arlie Russell, Lee Russell, and L. Russell against Paul Reese to recover money had and received. Plaintiffs in their petition in substance allege that on or about the 11th day of January, 1936, plaintiff L. Russell and Ella Russell executed and delivered to the defendant their promissory note in the sum of $250 which was secured by a real estate mortgage; that plaintiffs at that time held a note in the sum of $600 bearing 10 per cent interest executed by D. A. Geridio, W. R. Ogelsby, F. Beutelschies, and J. S. Steward; that plaintiffs assigned and transferred this note to defendant as an additional collateral security; that the transfer and assignment was made with the understanding that defendant should collect the note and apply the proceeds thereof on the plaintiffs' indebtedness to him and the balance should be paid to plaintiffs; that defendant collected the note, then amounting to the sum of $740, including the interest; that after applying a sufficient amount thereof to discharge their indebtedness to defendant there re-

mained due plaintiffs the sum of $419.-82, which upon demand defendant refused to pay. They pray judgment for such amount.

Defendant in his answer admits the transfer of the collateral note but alleges that he bought the note from plaintiffs agreeing to pay therefor the amount due on their indebtedness to him; that he thereafter sold the note to the Lewis Coal Company and that he received no more from the sale thereof than the amount owing by plaintiffs to him. He denied that he was indebted to plaintiffs in any amount.

The trial was to a jury and resulted in a verdict and judgment in favor of plaintiffs. Defendant has appealed and relies for reversal upon the following assignment: (1) Error of the court in overruling his motion for directed verdict; (2) refusal of the court to give a certain requested instruction.

The evidence on behalf of plaintiffs supports the allegations of their petition. L. Russell, one of the plaintiffs, testified that he negotiated the transaction whereby the collateral note was transferred to defendant; that the same was transferred as additional collateral security to the $250 note; that it was transferred on the agreement that defendant was to collect the note, apply sufficient of the proceeds thereto to discharge plaintiffs' indebtedness to him, and that he was to remit the balance to the plaintiffs; that he collected the full amount of the note and refused to pay any part thereof to plaintiffs.

Vincent Lewis, a member of the Lewis Coal Company, testified that the company had an arrangement with defendant whereby they agreed to collect the collateral note; that defendant was to pay them a commission, the amount of which he did not then recall, for making such collection. Mr. Lewis further testified that the company did not purchase the note from the defendant nor did the company ever claim to be the owner of the note; that Mr. Beutels-chies, one of the makers of the collateral note, held some small royalty interest in a coal mine; that the coal was purchased by the coal company; that they collected the full amount of the collateral note by charging the amount thereof against the royalty interest of Mr. Beutelschies; that he was also indebted to Mr. Reese and that the commission was paid by allowing him a credit on such indebtedness, but that the proceeds derived from the collection of the collateral note went to Mr. Reese.

Defendant testified that he bought the note outright from plaintiffs, agreeing to pay therefor the amount of plaintiffs' indebtedness to him; that he thereafter sold the note to the coal company; that he received no more upon the sale of the note than the amount of plaintiffs' indebtedness to him.

Defendant contends that the evidence is insufficient to show that he ever had in his possession any money belonging to plaintiffs; that the proceeds derived from the collection of the collateral note over and above the amount of plaintiffs' indebtedness to him never came into his possession; that such proceeds came into the hands and possession of the coal company, and that plaintiffs' action should have been against that company and not against him, and that the trial court should have therefore sustained his motion for directed verdict. We do not agree. The evidence offered on behalf of plaintiffs clearly shows that defendant Reese, through his collecting agent, the coal company, received the benefits of the proceeds derived from the collection of the collateral note. The trial court properly submitted the case to the jury.

Defendant requested the following instruction, which was refused:

"You are instructed that if you find from the evidence that the defendant had no money in his hands belonging to plaintiffs over and above the amount due him by plaintiffs or either of them, then he is not liable and your verdict should be for the defendant. Requested, refused and exception allowed."

It is not essential that an instruction should be given in the exact form requested. The substance of the instruction is contained in the general instructions given by the court. The court charged the jury:

"You are instructed that one of the issues for you to determine in this case is whether or not the $600 note in question in this case was placed by the plaintiffs with the defendant as collateral only, or whether the same was sold outright to said defendant.

"In this connection, you are instructed that if you find and believe from a preponderance of the evidence, as that term is hereinafter defined, that said note was placed in the hands of the defendant as collateral only, then you are instructed that there is an implied promise on the part of the defendant to pay to plaintiffs any amount collected on said note over and above any indebtedness owed defendant by plaintiffs, or either of them, and your verdict should be for the plaintiffs for whatever sum you find he collected over and above such indebtedness, if any, not to exceed the amount sued for, to wit: $419.82.

"If, however, you should find from the evidence that the said $600 note in question was sold outright to the defendant, then you are further instructed that the plaintiffs would have no further interest in said note or the proceeds therefrom and your verdict should be for the defendant."

The trial court fully and fairly covered the issues involved in the case in its general instructions to the jury. There was no error in refusing the requested instruction.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, CORN, DAVISON, and ARNOLD, JJ., concur.